IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 3 1 2006
J. T. NOBLIN, CLERK
BY_____DEPUTY

**CARL WAYNE WATTS, #77138**                                    PLAINTIFF

VS.                                             CIVIL ACTION NO. 4:05CV70LN

**BETH DOGGETT**                                                DEFENDANT

---

### MEMORANDUM OPINION AND ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 23rd of January, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorney William Hammack. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. At that hearing, the parties executed a Consent to the Exercise of Jurisdiction by a Magistrate Judge, and District Judge Tom S. Lee referred this matter to the undersigned on January 30, 2006. After due consideration of the issues involved in this case, as well as the documents provided by the Plaintiff, both in this case and in the related case of *Watts v. Epps, et al.*, Civil Action No. 2:05cv110SR (another action brought by Watts under 42 U.S.C. § 1983), the court finds that this matter should be dismissed, for the reasons that follow.

The essential facts of this case are not contested by the parties. Carl Watts is currently serving a life sentence for robbery, on grounds of being a habitual offender, pursuant to Miss. Code Ann. 99-19-83 (1972). That statute provides for the imposition of a life sentence on any defendant

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

1

convicted of a felony who has been twice convicted previously of any separate felonies, provided that the defendant served separate terms of one year or more, and provided that at least one of the felonies is a crime of violence. In reviewing Watts' documents in both cases, it appears that Watts does not contest that he has been convicted of robbery three times – in Clarke County on May 29, 1991, in Wayne County on July 15, 1992, and again in Clarke County on April 25, 1995. Watts argues that he does not fall within the parameters of § 99-19-83 because he did not serve separate terms of one year or more for the first two convictions.

In this case, Watts has sued the Circuit Clerk of Clarke County, seeking the following relief: (1) a new sentencing hearing; (2) a copy of all documents related to his first Clarke County conviction; (3) an award of $200,000,000.00 for violation of his constitutional rights and (4) release from confinement. This court cannot grant either a new sentencing hearing or release from confinement on a § 1983 action, as this relief can only be granted in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

This court can likewise grant no other relief to Watts as against Ms. Doggett. The court notes that she was acting pursuant to an Order entered by the Circuit Judge on May 23, 2005, denying Watts free copies of the documents he seeks. As a Circuit Clerk, Ms. Doggett had no alternative but to obey that Order. The Fifth Circuit addressed this issue in *Brooks v. George County, Miss.*, 84 F.3d 157 (5th Cir. 1996). There, the plaintiff sued several county officials, alleging that he was unlawfully and falsely incarcerated for several months after charges against him had been dropped. He prevailed on his claims against officers of the sheriff's department, but claims against others, including the county's circuit clerk, were dismissed. In upholding that portion of the judgment, the Fifth Circuit held:

Under Mississippi law, the judge is the ultimate authority for the supervision of the court in his jurisdiction. As the Mississippi Supreme Court stated, "Although the clerk performs the physical act of record keeping, the judge is ultimately responsible for the administration of his court." *In re Collins*, 524 So. 2d 553, 555 (Miss. 1987). Only those officials who have "final policymaking authority" may by their actions subject the government to liability under 42 U.S.C. § 1983. *Bryan Cty.*, 67 F.3d at 1182. [*Brown v. Bryan County, Oklahoma*, 67 F.3d 1174 (5th Cir. 1995).] Accordingly, Ward [the Circuit Clerk] cannot be liable for failing to establish a policy of sending orders to parties in a criminal proceeding because he was not the policymaker for the George County Circuit Court System.

We also note that nowhere has Brooks shown that circuit clerks have an affirmative duty under Mississippi law to provide the sheriffs of the state, or counsel for criminal defendants, or criminal defendants *pro se*, with copies of orders or pleadings filed in criminal cases. Nor has Brooks shown an affirmative duty to notify sheriffs, counsel or defendants of the filing and entry of orders and pleadings in criminal cases. The circuit clerks merely have a duty to file and docket all papers filed in each court case. [Citing Miss. Code Ann. §§ 9-7-171, 175, 177 (1972).]

Since "no duty to act existed, the failure to act did not violate the constitution." *Salas v. Carpenter*, 980 F.2d 299, 307 (5th Cir. 1992).

84 F.3d at 168-69.

This holding by the Fifth Circuit mandates dismissal of the Plaintiff's case. However, due to the Plaintiff's persistence in arguing his claims repeatedly in multiple forums, the court is compelled to make the following observations. First, the case in which Watts seeks these documents resulted in a guilty plea. A defendant who pleads guilty gives up his right to a direct appeal, as well as his right to the free transcript necessary to prosecute that appeal. *United States v. MacCollom*, 426 U.S. 317, 325-26 (1976); *Shanks v. State*, 906 So. 2d 760, 762 (Miss. Ct. App. 2004). Thus, requiring a litigant to meet certain conditions before he can obtain a transcript for a collateral attack on a conviction does not offend the constitution. Under both state and federal law, those conditions typically include a showing of good cause for the transcript. *MacCollum*, 426 U.S. at 323-24; *Shanks*, 906 So. 2d at 762.

3

Watts's numerous petitions to the state courts to contest his habitual offender status appear to rest on the following proposition: Watts was arrested on both the Wayne County charge and the initial Clarke County charge on March 4, 1991. He was convicted of the Clarke County charge on May 29, 1991, and on the Wayne County charge on July 15, 1992. His sentence on the Wayne County charge was to run concurrent with his sentence on the Clarke County charge. He was released from both sentences on March 8, 1993. Thus, Watts argues, he served less than eight months after his conviction on the Wayne County charge, making him ineligible for sentencing under § 99-19-83.

As an initial matter, it is difficult to see how documents from his initial Clarke County conviction would assist him in this matter, when it is the time served on the Wayne County charge that is at issue. Moreover, the Sentencing Orders in both Clarke and Wayne Counties have been provided to the court by Watts, and both of those Orders reflect the questions asked and answers given during those proceedings. Watts has never made any particular showing of the evidence that he believes exists in the Clarke County records that would help him to overturn his conviction as a habitual offender, and this court cannot guess for him. For this reason, also, his case should be dismissed.

Finally, the legal premise on which Watts bases his claims is erroneous. He argues that the time served on the Wayne County offense began at the time he was convicted on July 15, 1992. That argument is incorrect. According to the Motion to Correct Sentence that was attached to Watts's Amended Complaint in Case No. 2:05cv110, Watts admits the following:

> [O]n 3/4/91, he was arrested in Wayne County, Mississippi, but was transferred to Clarke County, Mississippi; where he entered a plea of guilty and was sentenced to (5) years on 5/29/91, in Cause No. 7169. That at all times pertinent hereto petitioner remained CONTINUOUSLY CONFINED under the custody and control of the

4

>Mississippi Department of Corrections. On 7/15/92, petitioner entered a guilty plea in the Circuit Court of Wayne County, Mississippi; and was [sentenced] to (5) years to run concurrent with sentence imposed imposed in Clarke County, in Cause No. 8417.
>
>Moreover, the trial court imposed sentencing to run concurrent with credit for time served "<u>dating back to petitioner's initial arrest on the charges</u>." [Capitalization and emphasis by Watts.]

Apparently, Watts made this argument in support of a claim that he did not have two sentences, since there was only one confinement. The Mississippi Supreme Court has established that serving one year or more on concurrent sentences, although amounting to only one confinement, constitutes two sentences for purposes of § 99-19-83. *Magee v. State*, 542 So. 2d 228, 236 (Miss. 1989); *King v. State*, 527 So. 2d 641, 645 (Miss. 1988). Moreover, the calculation of the time of sentence is to be calculated from **arrest**, not conviction or sentencing. *Feazell v. State*, 761 So. 2d 140, 142-43 (Miss. 2000). Here, Watts was arrested on March 4, 1991. As he admits, he was in custody from that date until March 8, 1993, when he was released on both charges. His sentences were concurrent, and he served over two years on each of them. For all of these reasons, it is the opinion of the undersigned that Watts's case has no merit and should be dismissed as failing to state a claim.

IT IS, THEREFORE, ORDERED that Plaintiff's Complaint fails to state a claim on which relief can be granted, and it should be dismissed with prejudice. In accordance with Fed. R. Civ. P. 58, a separate Judgment will be entered on this date.

IT IS SO ORDERED, this the 31st day of January, 2006

                                                  S/Alfred G. Nicols, Jr.
                                         UNITED STATES MAGISTRATE JUDGE